**LAPINEE TRADE, INC., Plaintiff,**

v.

**PALEEWONG TRADING CO., INC., Defendant.**

**No. 88 C 5466.**

United States District Court, N.D. Illinois, E.D.

July 22, 1988.

Constantine D. Kasson, Robert P. Vogt, Burditt, Bowles, Radzius & Ruberry, Chtd., Chicago, Ill., for plaintiff.

Richard J. Johnson, Pasky & Wood, Aurora, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff in this trademark infringement action seeks a preliminary injunction. On June 30, 1988, this court held a hearing during which the parties submitted exhibits into evidence and presented testimony regarding plaintiff's claims. Based on the evidence adduced at this hearing, the court makes the following findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

## FINDINGS OF FACT

1. Plaintiff Lapinee Trade, Inc. ("Lapinee") is a California corporation. (Tr. 16.) Defendant Paleewong Trading Co., Inc. ("Paleewong") is a New York corporation. (Tr. 54.) Both corporations distribute imported beer in markets throughout the United States. (Tr. 16, 54.)

2. Boon Rawd Brewery Co., Ltd. ("Boon Rawd"), a Thai corporation headquartered in Bangkok, has brewed Singha Beer for over 50 years. (Tr. 54–55.) Since at least 1976, Boon Rawd has continuously used the same trademark to identify and promote Singha Beer in domestic and foreign markets. (Tr. 55.) The trademark consists of a Thai mythological figure (resembling a lion) surrounded by the sun, with two hops on either side and the word "SINGHA" directly above the figure. (Plaintiff's Exhibit ("PX") 2.)

3. In 1982, Boon Rawd appointed Lapinee as the exclusive distributor of Singha Beer in California. (Tr. 16.) Before its association with Lapinee, however, Boon Rawd had already used the distinctive Singha trademark in California. The Thai brewery had previously employed another distributor to introduce Singha Beer into the California market. (Tr. 28–30, 57.)

4. Without Boon Rawd's knowledge or consent, Lapinee obtained a Certificate of Registration of Trademark for the Singha Beer mark from the State of California in 1983. (Tr. 19, 30, 49, PX 1.)

5. Boon Rawd terminated Lapinee's California distributorship of Singha Beer on October 8, 1987. (Tr. 16.) Since that time, Boon Rawd has discontinued all shipments of Singha Beer to Lapinee. (Tr. 33, 50.)

6. On January 27, 1988, Boon Rawd appointed Paleewong as the exclusive distributor of Singha Beer in California. (Tr. 56.) The beer currently distributed in California by Paleewong bears the same Singha

trademark that Lapinee has registered with the State of California. (Tr. 23.) The current Singha mark is also identical to the trademark that Boon Rawd originally used when it first introduced Singha Beer into the California market—before Lapinee began to distribute the product in California. (Tr. 29–30, 58.)

7. To the extent that any of the foregoing findings of fact are deemed conclusions of law, they are hereby adopted as conclusions of law.

## CONCLUSIONS OF LAW

1. Before this court will grant a preliminary injunction, Lapinee must demonstrate the following: (1) no adequate remedy at law and irreparable harm; (2) some likelihood of success on the merits; (3) the balance of relative harms weighs in its favor; and (4) the public interest will not be disserved if the injunction issues. *A.J. Canfield Co. v. Vess Beverages, Inc.*, 796 F.2d 903, 906 (7th Cir.1986).

2. To determine whether Lapinee will likely prevail on the merits of its trademark infringement claim, this court must evaluate the relative strength of the parties' claims to the Singha mark. In comparing the respective trademark rights of the parties, the court cannot properly assess Paleewong's claim to the Singha mark without considering the trademark rights of Boon Rawd. Admittedly, the courts do not typically allow a defendant in a trademark case to raise a *jus tertii* defense (i.e., a claim that a third party possesses trademark rights superior to the plaintiff). 2 J.T. McCarthy, Trademarks and Unfair Competition § 31:39, at 674 (2d ed. 1984). Nonetheless, the courts have recognized an exception to the general prohibition of *jus tertii*: "[The] rights [of third parties in their respective marks] do not inure to defendants ... *in the absence of a showing of privity* or successor-in-interest status *with respect to such rights.*" *Real Property Management, Inc. v. Marina Bay Hotel*, 221 U.S.P.Q. (BNA) 1187, 1191 (T.T.A.B.1984) (emphasis added); *see also Dow Corning Corp. v. The Doric Corp.*, 192 U.S.P.Q. (BNA) 106, 112 (T.T.A.B.1976). Therefore, if a third party permits a de-

fendant to use a trademark as part of a contractual arrangement, the defendant can avoid liability for trademark infringement by invoking the superior trademark rights of the third party.

3. By appointing Paleewong as the exclusive distributor of Singha Beer in California, Boon Rawd has implicitly authorized Paleewong to use the Singha trademark. After all, Paleewong must necessarily use the Singha mark in the course of fulfilling its distribution agreement with Boon Rawd. This agreement establishes privity between Paleewong and Boon Rawd, thereby enabling Paleewong to assert Boon Rawd's trademark rights as a defense against Lapinee's lawsuit. Consequently, Lapinee cannot prevail on the merits of its claim unless it possesses trademark rights superior to Boon Rawd.

4. As the first user of the Singha mark in California, Boon Rawd has acquired trademark rights superior to Lapinee, whose claim to the trademark rests on its California registration: "Priority of use, not priority of state registration, controls the ownership of trademark rights." 2 J.T. McCarthy, *supra*, § 22:1, at 24. Even the California trademark statute, the legal foundation for Lapinee's registration, recognizes that "[a]ny person who has first adopted and used a trade name, whether within or beyond the limits of this State, is its original owner." Cal.Bus. & Prof. Code § 14400 (West 1987). Thus, in a trademark dispute between the first user of a mark and the party who has registered the mark with the State of California, the prior user possesses superior rights to the mark. *Brawn of California v. Jojoba Products Co., Inc.*, 211 U.S.P.Q. (BNA) 881 (S.D.Cal. 1980).

5. Moreover, in the absence of an agreement between the foreign manufacturer of a product and its domestic distributor, the law generally presumes that the manufacturer owns the United States rights to the trademark associated with its product. 1 J.T. McCarthy, *supra*, § 16:16, at 762–63; *see also Energy Jet, Inc. v. Forex Corp.*, 589 F.Supp. 1110, 1116 (E.D. Mich.1984). Nothing in the record suggests that Boon Rawd ever agreed to relin-

quish or transfer its trademark rights to Lapinee. Having never made such an agreement, Boon Rawd, the manufacturer of Singha Beer, remains the owner of the Singha trademark.

■ 6. To obtain a preliminary injunction, a plaintiff must show some likelihood of success on the merits. *Roland Machinery Co. v. Dresser Industries, Inc.,* 749 F.2d 380, 387 (7th Cir.1984). Lapinee has failed to demonstrate any probability that it will prevail on the merits of its claim. Because Paleewong derives its right to use the Singha mark from Boon Rawd's authorization, and because Boon Rawd possesses trademark rights superior to Lapinee, the law offers Lapinee no hope of establishing its claim of trademark infringement against Paleewong.

7. To the extent that any of the foregoing conclusions of law are deemed findings of fact, they are hereby adopted as findings of fact.

### CONCLUSION

Based on the foregoing findings of fact and conclusions of law, this court denies Lapinee's motion for a preliminary injunction.

IT IS SO ORDERED.